fopIftlON Df the Court, by
Judge Owsley,»
This kction was brought in the court below by the defendants in error, against the plaintiff in error. Their declaration is in assumpsit for the sale and delivery of a quantity of bread. Non assumpsit was pleaded, and a vef-diet obtained by the plaintiffs in that court. A motion was then made for a new tria!, but overruled, and exceptions taken to the opinion of the coSrt, and the whole evidence made part of the record. The question made for decision here, is,.;|ir-hethw a new trial should have been granted ? The ápplication for a new trial was made on the grounds that the verdict of the jury was contrary to evidence and law. The evidence abundantly proves the bread was delivered to the plaintiff’s vant, and that it came to his Use. These circumstances alone are prima fuete evidence that the servant had authority from the plaintiff to obtain the bread on a credit ■ — See Peak’s E vid. 250, and the authorities there cited, But as the evidence , is not conclusive, he might by other evidence repel the presumption. This, however, could only be done by shewing the defendants in error knew he did hot intrust his servants to buy oq fcredit. Whether* therefore, proof of this description was made, w;as peculiarly and essentially the province qf the jury to determine. It is not enough, that were We jurors we might be inclined to differ in opinion with the jury in relation to this fact ; but to authorise the interference of the court in granting a new trial, the, verdict should be clearly and palpably ¿gainst evidence.
We cannot say the present is snch a case : for although it is manifest,, the plaintiff in error did not intend his servant should be credited, there is no evidence in the cause shewing the defendants had any knowledge of, that intent; but to the contrary it appears the plaintiff’s bar-kéeper at different times sent the servant ibr bread without the money to pay for it. The court below therefore decided correctly in refusing a tjrial. *“* ½⅞ «S
The judgn»e«t must be affirmed with costs.